IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEMARIUS BALDWIN,
    Petitioner,

v.                                Case No. 5:09cv133/RS/MD

WALTER A. MCNEIL,
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 5). Respondent has moved to dismiss the petition as time-barred (doc. 21), providing relevant portions of the state court record (docs. 22, 23). Petitioner has not responded, although given the opportunity to do so (doc. 24) and provided three extensions of time (docs. 28, 30, 32). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On April 17, 2002, petitioner was convicted upon jury verdict of armed robbery with a firearm, in the Circuit Court of Escambia County, Florida, case number 01-

4344. (Doc. 22, Exs. C-E).[1] He was sentenced to 20 years imprisonment, suspended after 12½ years, followed by probation for the balance of the sentence (7½ years). (*Id.*). On April 22, 2003, the trial court "re-recorded" petitioner's judgment to correct a sentencing-credit error.[2] (Ex. K). Petitioner's convictions and sentences were affirmed on direct appeal on July 10, 2003, without written opinion. *Baldwin v. State*, 849 So.2d 298 (Fla. 1st DCA 2003) (Table) (copy at Ex. H).

On September 10, 2003, petitioner filed a motion for reduction of sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). (Ex. L). In that motion, petitioner acknowledged that his sentence was legal, but "bes[ought] the Honorable Court for mercy in requesting a reduction of sentence on the basis that this was a first offense, the firearm was not discharged during the robbery, and no one was physically injured." (*Id.*). The trial court denied the motion in an order entered September 22, 2003. (Ex. M).

On July 12, 2004, petitioner, represented by counsel, filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, asserting a claim of ineffective assistance of trial counsel. (Ex. N). On August 5, 2004, the court dismissed the motion because it was not properly sworn. (Ex. O).[3] The

---

[1] Hereafter, all references to exhibits will be to those provided at Doc. 22, unless otherwise noted.

[2] On March 28, 2003, while his direct appeal was pending, petitioner filed a Motion to Correct Illegal Sentence/Additional Jail Credit pursuant to Florida Rule of Criminal Procedure 3.800(a). (Ex. J). On April 22, 2003, the trial court entered an "Order Granting in Part and Denying in Part Defendant's Motion for Pre-Sentencing Jail Credit and Dismissing Request for Post-Sentencing Jail Credit." (Ex. K). That same date, petitioner's judgment was "re-recorded" to correct the error. (*Id.*).

[3] The Florida Rules of Criminal Procedure require that a motion to vacate, set aside, or correct sentence be under oath. *See* Fla. R. Crim. P. 3.850(c). The Rules also require that motions for postconviction relief be "legibly handwritten or typewritten," signed by the defendant and contain a notarized oath. *See* Fla. R. Crim. P. 3.987. Alternatively, Rule 3.987 allows the defendant to include an unnotarized oath, which states that "[u]nder penalties of perjury, I declare that I have read the foregoing motion and that the facts stated in it are true." *Id.*

dismissal was without prejudice to petitioner refiling a timely, properly sworn motion. On November 8, 2004, petitioner, still represented by counsel, filed a properly sworn motion (ex. P), which he later amended (ex. R). The trial court denied relief in an order entered November 1, 2005. (Ex. S). No notice of appeal was filed.

On August 29, 2006, petitioner, proceeding *pro se*, filed a "Supplemental Amended Motion for Post-conviction Relief," seeking to include an additional claim of ineffective assistance of trial counsel. (Ex. T). In an order entered January 26, 2007, the trial court dismissed the motion with prejdudice as a successive Rule 3.850 motion. (Ex. U). Petitioner did not appeal.

On February 12, 2007, petitioner filed a state petition for writ of habeas corpus in the Florida First District Court of Appeal ("First DCA"). (Ex. V). Petitioner sought a belated appeal from the November 1, 2005 order denying postconviction relief, alleging that postconviction counsel failed to file a notice of appeal despite petitioner's request to do so. (*Id.*).[4] On June 5, 2008, the First DCA granted the petition:

> The petition for belated appeal is granted. Petitioner shall be allowed a belated appeal from the order denying defendant's motion for postconviction relief rendered on November 1, 2005, in Escambia County Circuit Court case number 2001-CF-4344A. Upon issuance of mandate in this cause, a copy of this opinion shall be provided to the clerk of the circuit court for treatment as the notice of appeal. Fla. R. App. P. 9.141(c)(5)(D).

*Baldwin v. State*, 983 So.2d 696 (Fla. 1st DCA 2008) (copy at Ex. Z). On January 16, 2009, the First DCA affirmed the order denying postconviction relief. *Baldwin v. State*, 1 So.3d 175 (Fla. 1st DCA 2009) (Table) (copy at Ex. CC). The mandate issued February 11, 2009. (Ex. DD).

---

[4]Petitioner provided a courtesy copy of his petition to the trial court. On June 1, 2007, the trial court dismissed the petition for lack of jurisdiction, finding it should have been filed in the First DCA. (Ex. W). On August 16, 2007, petitioner filed a Notice of Inquiry and Petition to Correct Record in the trial court, advising the court that the original petition had in fact been filed in the First DCA, and that the trial court had erroneously treated its courtesy copy as an original petition. (Ex. X). On September 5, 2007, the trial court granted petitioner's motion and vacated its order of dismissal. (Ex. Y).

On March 31, 2009, petitioner filed in this court a pleading titled, "Motion for Extension of Time to File Petition for Writ of Habeas Corpus Because of Demonstrated and Documented Extraordinary Circumstances." (Doc. 1). Petitioner's motion was not accompanied by the filing fee or motion to proceed *in forma pauperis*. In the body of the motion, petitioner alleged that due to the inadequate law library and law clerk services at his present institution, he had been denied access to this court "in furtherance of his timely filing a third amended complaint. . . ." (Doc. 1, p. 1). As relief, petitioner sought "an extension of time for ninety (90) days in which to file his Petition for Writ of Habeas Corpus." (*Id.*, p. 7). On April 8, 2009, this court issued an order denying the motion as premature, advising petitioner that the court could not consider the timeliness of a petition until it was filed. Petitioner was warned of the one-year limitations period provided in 28 U.S.C. § 2244, and advised that he should file his petition as soon as possible. He was provided the § 2254 petition form, and given thirty days in which to file a petition. (Doc. 3). Petitioner filed his § 2254 petition sixty-eight days later on June 16, 2009. (Doc. 5, p. 1).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

> States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

The First DCA affirmed petitioner's conviction on July 10, 2003. Petitioner did not move for rehearing in the First DCA, nor did he seek review of his conviction in the Florida Supreme Court or in the United States Supreme Court. Accordingly, his conviction became "final" for purposes of § 2244 on October 8, 2003, when the ninety-day period in which to seek *certiorari* from the United States Supreme Court expired.[5] *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for filing a

---

[5] The 90-day period for filing in the United States Supreme Court a petition for a *writ of certiorari* seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of issuance of the mandate. *See* SUP. CT. R. 13.3; *see also Chavers v. Secretary, Florida Dep't of Corrections*, 468 F.3d 1273, 1275 (11th Cir. 2006).

**petition for *certiorari* with the United States Supreme Court). The federal habeas statute of limitations began to run on that date. The limitations period expired on October 11, 2004, one year from the day after petitioner's judgment became final, in the absence of tolling.[6] See *McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the date after the judgment became "final" under § 2244(d)(1)); *Johnson v. Florida Dep't of Corrections*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same).**

**The record reveals that petitioner had no properly filed applications for state postconviction or other collateral review pending during that critical period (October 8, 2003 to October 11, 2004); therefore, his time for seeking federal habeas review**

---

[6]**October 9, 2004 was a Saturday.**

*Case No: 5:09cv133/RS/MD*

in this court expired on October 11, 2004.[7] The instant petition, which was filed well after that date, is untimely.

---

[7]On September 10, 2003, petitioner filed a Rule 3.800(c) motion seeking a reduction of his legal sentence. However, because that motion was merely a plea for mercy and not a challenge to the legality of his sentence, it did not toll the limitations period under 28 U.S.C. § 2244(d)(2). *See Alexander v. Secretary, Dep't of Corrections*, 523 F.3d. 1291 (11th Cir. 2008) (holding that petitioner's Florida Rule of Criminal Procedure 3.800(c) motion was a request to reduce a legal sentence based on mercy or leniency and did not constitute an application for state postconviction or other collateral review with respect to the pertinent judgment under § 2244(d)(2)); *see also e.g., Davis v. Barrow*, 540 F.3d 1323 (11th Cir. 2008) (holding that petitioner's motion to reconsider sentence under Ga. Code Ann. § 17-10-1(f) was a plea to reduce his sentence and did not raise any legal arguments or otherwise attack the legality of his sentence; therefore, it did not qualify as a tolling application under 28 U.S.C. § 2244(d)(2)). Moreover, that motion was denied before the limitations period began to run.

On July 12, 2004, petitioner filed his initial Rule 3.850 motion. However, that motion was not "properly filed," for purposes of § 2244(d)(2), because it did not comply with Florida's requirement that it be sworn. *See Melson v. Allen*, 548 F.3d 993, 997-98 (11th Cir. 2008) (holding that an inmate's state postconviction motion, which was dismissed by the state court for failure to comply with the rule requiring verification, was not "properly filed" within the meaning of § 2244(d)(2), regardless of the fact that the verification requirement was non-jurisdictional, subject to waiver, and curable by amendment), *judgment vacated and remanded on other grounds*, --- S.Ct. ----, 2010 WL 2471066 (U.S. June 21, 2010) (Mem.); *Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir. 2000) (holding that a state postconviction motion is not "properly filed" under § 2244(d)(2) if it fails to comply with Florida's written oath requirement); *Delguidice v. Florida Dep't of Corrections*, 351 Fed. Appx. 425, 428 (11th Cir. Nov. 4, 2009) (concluding that Florida prisoner's Rule 3.850 motion was not "properly filed," because it failed to comply with Florida's written oath requirement).

Furthermore, although petitioner's November 8, 2004 motion for postconviction relief was properly sworn, it did not trigger the tolling benefit of § 2244(d)(2), because it was filed <u>after</u> the limitations period expired. *Melson*, 548 F.3d at 998 (holding that inmate's amended state postconviction motion, which corrected the verification deficiencies of the previously filed motion but which was filed after the one-year AEDPA limitations period expired, did not toll the limitations period); *Delguidice*, 351 Fed. Appx. at 428 (Florida prisoner's amended Rule 3.850 motion, which corrected the verification deficiencies of his previously filed motion, did not toll the limitations period because it was filed after the limitations period expired).

Similarly, none of petitioner's remaining postconviction applications triggered the tolling benefit of § 2244(d)(2), because they were filed after the AEDPA's limitations period expired. *See Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

*Case No: 5:09cv133/RS/MD*

## CONCLUSION

The instant petition for writ of habeas corpus is untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period. Therefore, the petition should be dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 21) be GRANTED, and the petition for writ of habeas corpus (doc. 5) challenging the conviction and sentence

*Case No: 5:09cv133/RS/MD*

in *State of Florida v. Demarius Zechariah Baldwin*, in the Circuit Court of Escambia County, Florida, case number 01-4344, be DISMISSED WITH PREJUDICE.

2. That the clerk be directed to close the file.
3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 19th day of July, 2010.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**